**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JEROME HOOKS,

    Plaintiff,

    v.

WARDEN NEVEN et al.,

    Defendants.

2:13-cv-1796-GMN-PAL

**ORDER**

    Plaintiff, who was a prisoner in the custody of the Nevada Department of Corrections ("NDOC") at the time he initiated this case, previously submitted an application to proceed *in forma pauperis*, a civil rights complaint pursuant to 42 U.S.C. § 1983, and a motion for appointment of counsel. (ECF No. 2, 4). On January 23, 2014, this Court found that Plaintiff had been discharged from prison on December 8, 2013 but had not updated his current address with the Court in compliance with Nevada Local Special Rule 2-2. (ECF No. 5 at 1). In its order, the Court granted Plaintiff thirty days from the date of that order to update his current address with the Court.[1] (*Id.*). The thirty-day period has now expired and Plaintiff has not updated this Court with his current address or otherwise responded to this Court's order. The Court further notes that its prior order had been returned from the High Desert State Prison as "undeliverable" because Plaintiff was no longer at that prison and no other address was available. (ECF No. 6).

    District courts have the inherent power to control their dockets and "[i]n the exercise of

---

[1] The Court also denied Plaintiff's application to proceed *in forma pauperis* for prisoners without prejudice to Plaintiff filing a new application for non-prisoners. (ECF No. 5 at 2). The Court deferred a decision on the motion for appointment of counsel. (*Id.* at 3).

that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring

Plaintiff to file his current address with the Court within thirty days expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, the Court will dismiss this action." (ECF No. 5 at 2).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file his current address with the Court within thirty days.

IT IS THEREFORE ORDERED that this action is dismissed with prejudice based on Plaintiff's failure to file his current address with the Court in compliance with this Court's January 23, 2014 order.

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 2), filed on September 30, 2013, is denied as moot.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly.

**DATED** this 28th day of February, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court